# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case Nos.   22-CR-385 (APM) |
| v. : | 22-CR-386 (APM) |
| : | 22-CR-387 (APM) |
| EMILY ARCHER PATERSON, : | |
| NICOLE ELIZABETH ENFIELD, : | |
| ROLANDE BAKER, : | |
| : | |
| Defendants. : | |

**GOVERNMENT'S OMNIBUS MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully recommends that the Court sentence Defendants Emily Archer Paterson ((22-CR-385 (APM)), Nicole Elizabeth Enfield ((22-CR-386) (APM)), and Rolande Baker (22-CR-387 (APM)) each to twelve months of probation, to include a stay-away order from the Supreme Court building and grounds.[1] In support of these sentences, the government states the following:

## FACTUAL BACKGROUND

On November 2, 2022, Emily Archer Patterson, Nicole Elizabeth Enfield, and Rolande Baker were attending oral arguments at the Supreme Court of the United States, located at 1 First Street N.E., Washington, D.C., as members of the public and were seated inside the courtroom. Officers Colin Porter, Ronald Bolls, Tyler Sheehy and Jacob Habecker were assigned to the Courtroom Detail inside the Supreme Court Courtroom that morning. At approximately 9:55 a.m., Officer Porter stated to the public seated in the courtroom, including Ms. Paterson, Ms. Baker, and

---

[1] The condition requiring the defendants to stay away from the U.S. Supreme Court building and grounds does not include the perimeter sidewalks as discussed in *U.S. v. Grace*, 461 U.S. 171 (1983).

1

Ms. Enfield, "Welcome to the Supreme Court of the United States. During today's oral argument, it is important that you remain seated and silent while Court is in session."

At approximately 10:00 a.m., the Marshal of the Supreme Court convened the argument session by saying, "The Court is now in session." Ms. Paterson was seated in the south side of the courtroom, Ms. Baker was seated in the North side, and Ms. Enfield was seated at the center-rear of the courtroom.

At approximately 10:02 a.m., the court was in session, the oral argument had commenced, and all nine Supreme Court Justices were seated on the bench. Officer Bolls noticed Ms. Enfield, appear to be nervously looking to the left and right of her as if expecting something to occur. Immediately afterwards, Ms. Paterson stood up from her seat and loudly stated: "Women rise and denounce Dobbs! American women remember to vote!" Officer Sheehy immediately moved in front of Ms. Paterson and escorted her out of the courtroom. At the time of Ms. Paterson's statement, an attorney in the case before the court had been invited to begin his argument and had started speaking. The attorney paused until Ms. Paterson stopped speaking.

Shortly thereafter, the attorney resumed his argument. Less than one minute into the argument, Ms. Baker stood up from her seat, interrupted counsel, and loudly stated: "Women vote for our right to choose!" The attorney again stopped speaking. Officer Bolls immediately moved in front of Ms. Baker and helped Officer Habecker escort her out of the courtroom. After Ms. Paterson was escorted out of the courtroom and after the attorney had resumed his argument, Ms. Enfield stood up from her seat and loudly stated: "We will restore the right to choose! All women!" The attorney again stopped speaking. Officer Bolls immediately responded to where Ms. Enfield was standing and escorted her out of the courtroom. While Officer Bolls was about to escort Ms.

Enfield out of the courtroom, Ms. Enfield stated in substance to Officer Bolls: "The Court was wrong in that decision"

Ms. Paterson, Ms. Baker, and Ms. Enfield's statements could be heard throughout the courtroom and were captured on the court's audio recording. Each statement interrupted the argument being conducted.[2]

After Ms. Enfield was placed under arrest, law enforcement recovered two small scraps of notebook paper from her. One bore the message "We will restore our freedom to choose. Women of America vote." The other read: "We rise respectfully to denounce the repeal of Roe! Women of America vote! Our right to choose will not be stripped away. Women of America vote!"

No defendant has a criminal record and, because 40 U.S.C. § 6134 is a class B misdemeanor, as defined by 18 U.S.C. § 3559(a)(7), the sentencing guidelines do not apply to their sentencings. *See* United States Sentencing Commission, *Guidelines Manual* § 1B1.9

## SENTENCING FACTORS UNDER 18 U.S.C. § 3553

In sentencing the defendants, the Court must take into account the factors set forth in 18 U.S.C. § 3553(a), as follows:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

---

[2] An audio recording of a portion of the November 2, 2022 oral argument, including the defendants' interruptions, has been provided to the Court via USAfx as Government's Exhibit A in aid of sentencing. The defendants can be heard at 2 minutes and 30 seconds, 3 minutes and 19 seconds, and 3 minutes and 43 seconds into the recording.

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

        (I) issued by the Sentencing Commission….; and

        (II) that, . . . are in effect on the date the defendant is sentenced; …

(5) any pertinent policy statement—

    (A) issued by the Sentencing Commission … and

    (B) that, . . . is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

## ARGUMENT

    On November 2, 2022, the defendants engaged in a coordinated effort to interrupt oral arguments in the U.S. Supreme Court building courtroom. The three women entered the courtroom and took seats in different locations throughout the gallery. Each defendant interrupted arguments – not via a single interruption, speaking together, but in three coordinated interruptions – each taking her turn. Ms. Paterson began, stopping the advocate who had already begun his argument

4

midstream. After Ms. Paterson was removed from the courtroom, the advocate resumed his argument. Unfortunately, he was only able to speak for approximately a minute before he was interrupted again, this time by Ms. Baker, with a similar message. After Ms. Baker was removed from the courtroom, the advocate again resumed his argument, only to be interrupted by Ms. Enfield shortly thereafter. The defendants' actions severely undermined the respect and reverence our highest court deserves. Were such conduct allowed to go unpunished, the court would quickly cease to be a place where the most important legal disputes in our nation are adjudicated under procedures enacted to ensure fairness and, instead, become a sort of "open mic night" for citizens to voice their personal views.

As this Court is well aware, the Supreme Court considers and adjudicates legal controversies that have great significance to the litigants that argue them on behalf of the American public. The court's ultimate decision on a case has a significant and often permanent impact on the individual or entity it affects, as well as others similarly situated nationwide. The cases before the court involve weighty and complicated legal issues and require countless hours of preparation prior to oral argument. In preparing for their presentation to and appearance before the court, these litigants and the parties they represent expect and are entitled to access to a courtroom that is free from outbursts and disruptive conduct. *See Illinois v. Allen*, 397 U.S. 337, 343 (1970) ("It is essential to the proper administration of criminal justice that dignity, order and decorum be the hallmarks of all court proceedings in our country.") The Justices, too, must be able to focus on and carefully consider the arguments of the litigants without being interrupted by individuals expressing political or personal opinions. It is essential to our system of democracy that the judiciary be able to carry out its functions as prescribed.

The sentence requested by the Government is necessary to "reflect the seriousness of the offense, to promote respect for the law," and "to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2). The defendants' conduct demonstrates a serious lack of respect for our systems and our laws.  Each year, thousands of people lawfully protest outside of the Supreme Court and throughout our city. The defendants' actions suggest that they do not believe they should be subject to the same rules and restrictions that others – who also speak out for significant causes – are.

The three defendants have no prior criminal contacts. Moreover, they have never engaged in disruptive activity in Washington, D.C. prior to the events that bring them before this Court. Their conduct was also nonviolent. Further, immediately after the arrests in this case, the three defendants expressed their desire to promptly accept responsibility for their conduct by pleading guilty to the charged conduct at the earliest possible juncture, indicating their recognition that their conduct was wrong.

In consideration of these factors, this Court should sentence each defendant to a one-year term of probation with a stay-away order from the Supreme Court.  This will ensure that the defendants do not return and engage in disruptive conduct – and will serve as a deterrence to others who may consider attempting to interrupt Supreme Court proceedings.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052


By:    */s/ Meredith E. Mayer-Dempsey*
Meredith E. Mayer-Dempsey
N.Y. Attorney No. 5213202
Assistant United States Attorney
United States Attorney's Office
601 D Street, N.W.
Washington, DC 20530
Phone: (202) 252-7259